CARDENAS v. BARRERA et al. (No. 6290.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 26, 1919.)

1. HABEAS CORPUS ⬤➡85(1)—EVIDENCE OF UNFITNESS OF FATHER TO HAVE CUSTODY OF CHILD.

In habeas corpus proceedings by father to recover possession of his child from its grandparents, evidence tending to show that he had once been found drunk, and that an unknown woman had at one time claimed him as her property, *held* insufficient to establish his unfitness to have his child's custody.

2. HABEAS CORPUS ⬤➡85(1) — BURDEN OF PROOF OF UNFITNESS IN PROCEEDINGS BY FATHER TO OBTAIN CUSTODY OF CHILD.

In habeas corpus proceedings by father to recover possession of his child from its grandparents, the grandparents have the burden of proving that the father was unfit to have charge of the child, or that its best interests would be subserved by the grandparent's custody.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Habeas corpus proceedings by Margarito Cardenas against Mrs. George Barrera and another. From a judgment denying relief, the plaintiff appeals. Reversed and remanded.

Sanford & Wright, of Eagle Pass, for appellant.

D. E. Hume, of Eagle Pass, for appellees.

FLY, C. J. This is a habeas corpus proceeding by appellant to obtain the custody of his nine year old son, Isidro Cardenas, who was in the custody of his grandparents, Mrs. George Barrera and Clemente de los Santos. The court denied the relief prayed for.

[1] The evidence is quite vague and unsatisfactory, both as to the ability of the father to care for the child and as to his moral character. It is merely hinted that appellant's relation with other women was not correct and exemplary, but the evidence is too unsatisfactory to affect the character of a man, shown by at least one witness, whose testimony was not assailed, to have been sober and industrious and of good moral character. The charge of adultery is based alone on the assertion of Mrs. Barrera that she and her daughter, while, at some indefinite time, on their way to church, met some woman who said to the daughter, "This man you live with (meaning her husband) belongs to me." That testimony, if it can be so dignified, is too shadowy and unsatisfactory upon which to base a denial to him of the custody of his child. He claims to have contributed to the support of the child until the death of the wife and mother in September,

1918, and that claim was not proven untrue by any positive, competent testimony. It was stated by the grandmother that appellant was drunk on a certain occasion and fell down on the steps of appellees' house, and that the sheriff found him drunk on the steps. When that occurred was not mentioned and the sheriff did not testify. The same witness who swore to the good character of appellant testified to the good reputation of Mrs. Barrera.

The evidence did not show whether or not appellees had a home or what their financial condition may have been; the only testimony on the subject being that of Mrs. Barrera that she was able to support the child. Appellant did show that he was in the employ of the Eagle Pass Ice Manufacturing Company and had been for a number of years, and was receiving a salary of $60 a month. No effort was made to show that appellant was immoral or unfitted to have the custody of his boy, unless the fact that he may have once been drunk at some uncertain time on the steps of Mrs. Barrera's house, or that some unknown woman at some time had claimed him as her property, be evidence. If he had been a habitual drunkard, it would have been easy to show it; if he had been living in adultery with some woman, it would have been hard to conceal it in a town the size of Eagle Pass. Appellant had never attempted to surrender his natural right to the custody of the child, but he stated that he did not demand its custody while the mother was living, which was commendable rather than otherwise.

[2] The evidence is wholly insufficient to show any unfitness upon the part of appellant to have the custody of his child, or that it would be most conducive to the welfare and happiness of the boy for him to remain in the custody of the grandparents. Appellant naturally has the right to the custody of his child as against the grandparents, and the burden was on them to show that appellant was morally and financially unfit to have charge of the child or that the best interests of the child would be subserved by placing him in their custody. As said by this court in Schneider v. Schwabe, 143 S. W. 265:

"No sentimentality should attend a proceeding of this character, but the permanent interest and welfare of the child should be the great aim and end to be attained."

The burden of making that showing, according to the Supreme Court, rested on appellees, and they failed to meet it. State v. Deaton, 93 Tex. 243, 54 S. W. 901.

Judgment would be here rendered for appellant were it not apparent that there was no development of the case, so as to make it clear that judgment should be rendered one way or the other; so the judgment will be reversed, and the cause remanded in order that it may be fully developed along the lines herein indicated.

Reversed and remanded.

---

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes