## BEADLES v. BEADLES.
### No. 6630.

Court of Civil Appeals of Texas.
Texarkana.

July 3, 1952.

Rehearing Denied Sept. 4, 1952.

Crunk & Morgan, A. S. Rollins, Greenville, for appellant.

G. C. Harris, Greenville, for appellee.

HALL, Chief Justice.

The agreed statement of the case is as follows: The appellant filed in the trial court petition praying for a divorce from appellee, for a division of property, and for custody of their two minor children, Virginia Rose, a girl, age 10, and Lonnie Albert, a boy, age six. Upon trial the divorce was granted appellant and the property divided. No appeal was taken from that judgment. The custody of both minor children was awarded to the appellee, Lonnie Avener Beadles, from June 1st to September 1st, of each year, subject to appellant's right to have said children with her one week-end each month beginning the last week of the first month during such period of custody in said appellee, with rights of visitation; and awarding the custody of both children to the appellant during the school term from September 1st to June 1st of each year and subject to the rights of visitation on the part of the appellee. Appellant filed a motion to have appellee held in contempt for failure to abide by the trial court's judgment. Appellee countered by prayer that appellant be held in contempt and also praying for full custody of the boy, Lonnie Albert Beadles. The court heard the issue raised and awarded the custody of the boy, Lonnie Albert Beadles to the appellee, except for the following periods each year hereafter when said minor child shall be with the appellant, Ruby Beadles: Beginning Thanksgiving morning until the following Sunday afternoon; from the 20th of December to and including the 31st day of December; the Saturday preceding and Easter Sunday; from the second Monday in June until the first Monday in September. The custody of the minor, Virginia Rose Beadles, was awarded to the appellant, granting to the appellee no right of visitation but permitting the girl to visit him if she so desired.

Appellant presents three points complaining of the action of the trial court in awarding the minor Lonnie Albert Beadles, a 7-year-old son to appellee, his father, during the nine months' school term and to the mother during the three months' summer vacation, with right of visitation by the mother during the nine months' period he is with his father. Appellant asserts that the trial court in dividing the custody of the children for the greater portion of the year abused his discretion and for that reason the cause should be reversed.

On a former hearing of the case when the parties hereto were divorced the trial court awarded the custody of both children to the mother (appellant) for nine months beginning about September 1, and ending about June 1, of each year, and the father (appellee) for the three summer months' vacation, with certain rights of visitation allowed both parties, and certain holiday periods to be spent with appellee. This arrangement brought about such friction between the parties that each haled the other into the District Court of Hunt County in contempt proceedings and each sought a change in the custody of the minors. The appellee asked for custody of the little boy but relinquished all right of custody to the girl, Virginia Rose. The testimony in this case is highly contradictory. Appellant and her testimony supported her contention

throughout. Appellee and his testimony corroborated in every detail testimony supporting his theory of the case. After a full hearing at which some 340 pages of testimony was admitted, the trial court entered its order giving appellant custody of the minor daughter, Virginia Rose, full time, with the latter's right to visit her father at his home whenever she saw fit. The order also provided for support of this minor by appellee. With respect to the minor son, Lonnie Albert Beadles, the trial court made the following order: "It is therefore ordered, adjudged and decreed that the general care, custody and control of the minor child, Lonnie Albert Beadles, be, and the same is hereby granted to the defendant Lonnie Avener Beadles, except for the following periods of each year hereafter when said minor child shall be with the plaintiff, Ruby Beadles: Beginning Thanksgiving morning until the following Sunday afternoon; from the 20th day of December to and including the 31st day of December; the Saturday preceding and Easter Sunday; from the second Monday in June until the first Monday in September. On the occasions when the said child is with the plaintiff (appellant), the defendant (appellee) will pay the fare of said minor to and from the home of the defendant and will place said minor on a bus or train at Greenville, Texas, for travel to Plano, Texas, and at the termination of the visit, the plaintiff will place said minor child on a bus or train for travel to Greenville, Texas, all of such travel by such child to be in daylight hours." The trial court found "that since the entry of the original judgment there has been a material change in conditions, and the best interest of such children necessitates a modification of the original decree as to the custody of said minor children." The court also found "that there exists a feeling between plaintiff (appellant) and defendant (appellee) of such nature that the decree of the court should not place them together in the presence of their children." The court found "that the minor, Virginia Rose, was happy and contented with her mother, and her mother's parents"; the court also found "that the minor, Lonnie Albert Beadles, is well housed, well fed, well-clothed and ten-derly cared for by his father, the defendant," and that he is contented in his father's home and care, also that there is a strong bond of affection existing between the little boy and his father; that there is a strong bond of affection existing between Virginia Rose and her mother and that the best interest and welfare of Virginia Rose would be with her mother.

It is appellant's contention that such order shows that the trial court abused his discretion in separating the children during most of the time and cites several authorities to substantiate her contention. We say here that, as a general proposition, appellant's theory is correct. In most cases, the custody of minor children of a family that is broken and destroyed by divorce should not be divided except for strong and convincing reasons. But the situation here warrants the action of the trial court in dividing the custody of these children. In the trial of cases of this character where the custody of children is concerned, the paramount consideration is their welfare and best interest. 15 Tex.Jur., page 166, Sec. 163, and authorities cited. The trial judge in such cases sits as a chancellor, the proceeding being an equitable one. Williams v. Perry, Tex.Com.App., 58 S.W.2d 31; Hall v. Whipple, Tex.Civ.App., 145 S.W. 308; Hilliard v. Watson, Tex.Civ.App., 170 S.W.2d 310 (w/r). He has wide discretion in determining the proper custody of minors, and the judgment of such a court will not be disturbed except for a clear abuse of discretion. Epstein v. Epstein, Tex.Civ. App., 84 S.W.2d 894; Hilliard v. Watson, supra; Prendergast v. Prendergast, Tex. Civ.App., 122 S.W.2d 710; Spell v. Green, Tex.Civ.App., 200 S.W.2d 713.

It is apparent from this record as a whole, that there is bad feeling between appellant and appellee and that their once happy home has been by their own acts destroyed, and from the wreckage left by them the trial court has salvaged in a masterly fashion the two children by placing them in homes where they will be affectionately cared for and loved. We feel the district judge in this case, instead of being criticized, should be complimented for

handling this matter in such an admirable way. Every case of this character must stand upon its own record, except for some general rules laid down by the decisions. No one can determine the impact of these judgments upon society. Time alone can tell. We do know that situations of this character, in the aggregate, constitute one of the most dangerous aspects of our society today. Oftentimes delinquency of both boys and girls is the result which is a great charge upon the society of our country. In the case before us the trial judge sought to and did arrest such danger to this little girl and boy.

Upon the whole record of this case we have concluded that the order of the trial court should not be disturbed.

Therefore the judgment of the trial court is in all things affirmed.