**Ruby Alene BEASLEY, Appellant,**

**v.**

**Fred BEASLEY et al., Appellees.**

No. 15300.

Court of Civil Appeals of Texas.

Dallas.

June 14, 1957.

Rehearing Denied July 12, 1957.

Freeman, Wolfe, Henderson & Bryant, James E. Henderson, all of Sherman, for appellant.

Slagle & Hughes, Sherman, for appellees.

YOUNG, Justice.

The suit in trial court was filed by appellant Ruby Alene Beasley for recovery of custody of her two children, Sandra Kay, aged ten, and Janice Lynn, aged five, who had been awarded to the paternal grandparents, Mr. and Mrs. Fred Beasley, in a 1955 decree of divorce. Edwin B. Beasley, the former husband, was made a party-defendant, additional to above named custodians. Upon a hearing, the court found a basis of changed conditions, awarding the older girl to appellant, the mother; the younger girl to its father, Edwin Beasley; and it is only from the latter part of said judgment that an appeal is taken.

The January 1955 judgment of divorce denied custody of these children to either parent, awarding them to the paternal grandparents as stated. In August 1956 appellant filed the instant suit in nature of habeas corpus, setting up a change of conditions under which she was entitled

to custody of her two daughters; in effect, that in many respects the further residence of these children with grandparents was not to their best interest; that she had adequate housing and resources financially to care for them, her own parents being ready and willing to provide additional support, if needed; that she was to remarry in the near future (which event has since occurred) and that her prospective husband desired to take the children into his home after such marriage and was fully able to support her said children.

Defendants' answer denied any change of conditions, alleging that the children were being properly cared for as a part of the family of Fred Beasley and wife; Edwin Beasley, the divorced father, praying only in the alternative that if custody was to be changed from the grandparents, such custody be awarded to him. Edwin had remarried, alleging further "that his present wife is agreeable and wants said children in their home."

The judgment appealed from recited in part: "The Court, having heard the evidence, is of the opinion that conditions as to custody and welfare have changed since judgment was rendered in Cause No. 61768, entitled 'Ruby Alene Beasley v. Edwin B. Beasley' in the Fifteenth Judicial District Court of Grayson County, Texas, and that custody should be changed, and that the minor children, Sandra Kay Beasley and Janice Lynn Beasley, should be taken from defendants Fred Beasley and Bonnie Faye Beasley, and the custody of the minor Sandra Kay Beasley should be awarded to plaintiff Ruby Alene Beasley, while custody of the minor Janice Lynn Beasley should be awarded to defendant Edwin B. Beasley."

Each party was given reasonable privileges of visitation as to the child in custody of the other; the court on February 8, 1957, making findings of fact and conclusions of law on application of appellant (plaintiff). The following is quoted from this instrument: "The Court now, upon hearing of the above entitled and numbered cause, finds as a fact, that there has been a change of circumstances since the entry of the original judgment in Cause No. 61768 in the 15th District Court of Grayson County, Texas, in which said divorce judgment and custody order was entered, and the court now finds as a fact that Edwin B. Beasley and Ruby Aline Beasley have had a change of circumstances since the entry of the original judgment and that they are now at this hearing each found fit to have the custody of their children. The court further finds as a fact that the best interest and welfare of said children would be best served by awarding the older child, Sandra Kay Beasley, to the mother, Ruby Aline Beasley, and by awarding the younger child, Janice Lynn Beasley, to her father, Edwin B. Beasley, as he has remarried and established a suitable home, and that the mother has now established a suitable home with her parents. The court finds as a conclusion of law that under the law the court has the authority, based on the facts and evidence in the case, to award said children as set out in the judgment as he has so done in order that the best interest of said children therein named will be served by such division of award of said children, being the older child to the mother and the younger child to the father. The court finds as both a matter of fact and law that by entry of the judgment herein, said judgment is to the best interest and welfare, and the future welfare, of said children involved herein."

Additional findings were requested by appellant and granted in entirety, substantially as follows: That the minor Janice Lynn, awarded to the father, was five years of age in November 1956, and Sandra Kay, awarded to the mother, became ten years of age at that time; that the conduct of appellant Ruby Alene Beasley since grant of divorce "had been exemplary"; active in her church, having held responsible offices in Sunday School and participating in P.T.A. work; that she had agreed to quit her job and devote entire time to the

children if awarded to her; and in such event she and the children would be adequately supported by her own parents, who were regularly employed, both of the latter having testified to a willingness to do so; and that appellant was not seeking any monetary contribution from Edwin Beasley, the father.

Further, that she was engaged to marry Robert Parker, one permanently employed under Civil Service as an Inspector, Air Transportation, at Sheppard Field, Wichita Falls; that he was willing and able to bring the children into a future home there, after consummation of marriage with appellant; her parents approving of Mr. Parker as a husband, standing ready to lend material assistance if needed. Mrs. Beasley had testified that upon remarriage, she and family would return frequently to Denison at week-ends, on which occasions she was entirely willing to have the children visit their father.

With respect to appellee Edwin Beasley, the additional findings were that he was "by profession a driver of auto convoy trucks, transporting new automobiles between Texas, Oklahoma and other States, and, by reason thereof, is necessarily away from home a considerable amount of time"; that he and present wife had been married more than a year, she having quit her job in December 1956; the second Mrs. Beasley admitting on cross-examination that until five or six months before the hearing, she had been of the opinion that the children should be given to their mother. In response to a question by the court, this witness answered that she was willing to take the children into her home and assist in their rearing if they were awarded to Edwin B. Beasley. The report of Miss Purtell, Supervisor, Grayson County Welfare Unit, appears in the record; disclosing a personal investigation of all parties above named, touching on matters of fact incident to the issues before the trial court; stating that Kay, the ten-year-old girl, had given her grandparents so much trouble while in their custody that she was allowed to return to her mother; that Janice, the younger child, had been spending considerable time with step-mother and father, but says she does not want to be separated from Kay, and knows that her sister prefers to live with their mother. Recommendation of Miss Purtell, the Welfare Supervisor, was that either of these parties could give the children an adequate home; concluding, " * * * however, there are several factors which makes me believe the balance falls in favor of Mrs. Alene Beasley."

Appellant's points of appeal are as follows: The trial court's error: (1) "in awarding custody of a five-year-old girl to appellee (her father) in view of findings that appellant (her mother) was of exemplary character and able to support said child, while the father was an interstate truck driver necessarily away from his home a considerable amount of time"; (2) "in dividing the custody of two young sisters between appellant (the mother) and appellee (the father) because the findings of the court do not establish a factual situation justifying such unusual action." Appellee in counterpoints asserts the converse of these quoted propositions; i. e., that the trial court did not abuse its discretion in awarding custody of the five-year-old daughter to its father and in dividing custody of the two sisters under the facts and circumstances of this record.

On the controlling issue of custody, the facts appear practically without dispute. Each of these divorced parents is found to be a fit and suitable person with respect to such a responsibility; each financially able and offering a suitable home. Even before this hearing, Sandra Kay had voluntarily chosen to live with her mother in face of the divorce judgment that made the Beasley grandparents her legal custodians; and it appears to be the desire of little Janice not to be separated from her sister. In this connection, no specific findings of fact are made the basis of the court's conclusion that the best interest of said children would be served

by separating the children; that is, the "older child to the mother and the younger child to the father." The problem confronting the esteemed trial judge was difficult to say the least; and while the determination of custody of children as between divorced parents must always turn upon the facts of the particular case, yet the following principles have been consistently applied by Appellate Courts to the factual situation as found by Judge Dowdy: That, as between the parents, everything else being equal, the custody of a child of tender years should be awarded the mother if she be a fit and proper person to have it; and this is uniformly the rule in absence of unusual circumstances affecting the child's best interest and welfare. Canning v. Canning, Tex.Civ.App., 237 S.W.2d 1019; Bronner v. Bronner, Tex.Civ.App., 267 S. W.2d 577. "It has been repeatedy held that a child of tender years should be with the mother if she is at all a fit person therefor." Sims v. Cole, Tex.Civ.App., 264 S.W.2d 185, 187; Classic v. Burgess, Tex. Civ.App., 258 S.W.2d 339. Of the numerous cases to like effect, the following may be listed: McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296; Mayes v. Timmons, Tex.Civ.App., 183 S.W.2d 989; Spell v. Green, Tex.Civ.App., 200 S.W.2d 713; Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368; Bartlett v. Bartlett, Tex. Civ.App., 293 S.W.2d 508; Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19; Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Fannett v. Tompkins, Tex.Civ.App., 49 S.W.2d 896; Cass v. Cass, Tex.Civ.App., 193 S.W.2d 279; Redwine v. Redwine, Tex. Civ.App., 198 S.W.2d 472; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124; Milim v. Mayfield, Tex.Civ.App., 285 S.W.2d 852.

■ Likewise, there should be no division of minor children between the divorced parents unless warranted by circumstances of the particular case. In Beadles v. Beadles, Tex.Civ.App., 251 S.W.2d 178, 180, such a disposition was held to be in nature of an exception. The Texarkana Court

there stated: "It is appellant's contention that such order shows that the trial court abused his discretion in separating the children during most of the time and cites several authorities to substantiate her contention. *We say here that, as a general proposition, appellant's theory is correct. In most cases, the custody of minor children of a family that is broken and destroyed by divorce should not be divided except for strong and convincing reasons."* (Emphasis ours.)

■ Appellee calls attention to the absence of a statement of facts, with resulting presumption in favor of the correctness of the judgment in question. Such rule is ordinarily to be applied; but not so, in our opinion, when a different judgment must clearly and logically follow from the court's express findings. The points of appellant are sustained.

The cause is accordingly reversed and here rendered in favor of appellant Ruby Alene Beasley.