**Samuel D. PADGETT, Appellant,**

v.

**Nola Doris PADGETT, Appellee.**

**No. 16205.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 18, 1960.

Guy H. McNeely, Wichita Falls, for appellant.

Nelson, Montgomery, Robertson & Sellers, and Charles B. Russell, Jr., Wichita Falls, for appellee.

RENFRO, Justice.

A divorce suit brought by Samuel D. Padgett was dismissed by the trial court because the plaintiff was not qualified to sue for divorce in Wichita County.

At the request of the plaintiff the trial court filed numerous findings of fact. Controlling are findings that plaintiff, a member of the United States Air Force, never established a permanent residence in Wichita County, and that thirteen months before suit was filed plaintiff had been transferred to England under military orders for a permanent change of station, and never returned to Texas until the divorce case was heard. The findings are amply supported by the evidence as shown in the statement of facts.

The burden is upon one asserting the right to a divorce to establish the facts

required by Art. 4631, Vernon's Ann.Civ. St. Pettaway v. Pettaway, Tex.Civ.App., 177 S.W.2d 285. The "full and satisfactory evidence" rule prescribed by Art. 4632 applies to the issue of residence as well as to the grounds for divorce. Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516; Nolen v. Nolen, Tex.Civ.App., 196 S.W. 2d 529; Pettaway v. Pettaway, supra.

Since the court found, on sufficient evidence, that plaintiff was not an inhabitant of Texas and that he had not been stationed in a military installation in the State of Texas for a continuous period of twelve months next preceding and in Wichita County for a continuous period of six months next preceding the filing of the divorce suit, also based upon sufficient evidence, the order of dismissal must be affirmed.

Affirmed.