**Mobada S. DE GAISH, Appellant,**

v.

**Ruby Jayne MARRIOTT, Appellee.**

No. 13734.

Court of Civil Appeals of Texas.

San Antonio.

April 5, 1961.

Rehearing Denied April 26, 1961.

Nicolas & Nicolas, Corpus Christi, for appellant.

Norman L. Utter, Corpus Christi, for appellee.

BARROW, Justice.

This is a suit by appellee, Ruby Jayne Marriott, joined by her husband, Neal Marriott, against appellant, Mobada ·S. De-Gaish, her former husband, to change custody of two minor girls born of the marriage of appellant and appellee. Upon a trial to the court, full custody was awarded to appellee with provisions for rights of visitation awarded to appellant. This appeal is from that judgment. The trial court filed findings of fact and conclusions of law, as well as additional and amended findings of fact.

■ The parties present their respective contentions by numerous points and counter-points. However, we believe the case is resolved into a question of whether or not the facts as to changed conditions justify the trial court in changing custody arrangements theretofore adjudicated. We think they do.

The minors involved herein are two girls, six and eight years of age. By decree of the District Court of Nueces County, dated April 13, 1959, a split custody was granted, awarding custody of the minors to appellee from September 1st through May 31st of each year. In the judgment the court made specific findings of the material facts, and particularly found that both parties were fit, suitable and proper persons to have such custody of the children, and further found:

"It is to the best interest and welfare of said minor children that the care, control and custody of them be given to Plaintiff Ruby Jayne DeGaish except that during the summer months when the children are not kept in school it would be necessary for Plaintiff to leave the children in the care of a 'baby sitter' during regular working hours while Plaintiff is working, and for such reason, it would be the best interest and welfare of the children that Defendant

Mobada S. DeGaish have the care, control and custody of them from June 1 through August 31 of each year."

At the time of the 1959 decree appellee was unemployed and had no means or income. She contemplated employment that would take her away from home and from the children. She was living in an apartment in a housing development with no playground for the children, therefore, when not in school a "baby sitter" would be necessary. That situation justified the split custody in the 1959 decree.

Appellee married her present husband in June of 1959, and at the time of the 1960 decree they were living, and now live, in a modern three-bedroom home in a better than average neighborhood. Only appellee, her husband and the two children occupy that home. The children have their own separate bedroom and private bath, and they have separate beds. Since appellee's present marriage she has not been employed and can devote her entire time to the care and personal supervision of the children. The children are attending school, dancing school and Sunday School.

The record further shows that during the summer months of 1959, as per the 1959 decree, appellant had the children with him. The home was a three-bedroom home, occupied as follows: Appellant's father and mother occupied one bedroom, an aged uncle occupied another, and the other was occupied by appellant, his adult brother, and the two children. Appellant and his two daughters usually slept together in one bed. During these months the children visited appellee regularly each week. On the occasion of these visits, it was necessary for the mother to correct their personal hygiene, such as bathing, combing their hair, cleaning their ears and fingernails. The record also shows that the discipline and regularity of personal habits of the children have been impaired by reason of the changing back and forth from home to home. The trial court found in this case, that both parties are of good moral char-

acter, and have good personal habits. The record casts no reflection on appellant, his home life, nor his care of the children. We think the record shows that, under the circumstances, he has done the best he could. Nevertheless, we believe that the record amply demonstrates that conditions have changed to the extent that under present conditions the best interest of the minor children justifies and requires that their complete and permanent custody and control be awarded to the mother.

We observe here that while the record reflects some natural jealousy on the part of these separated parents over the affection of their children, yet the record fails to show any attempt on the part of either parent to alienate the affection of the children from the other.

It is well settled in this State that divided custodies are not favored and should not be awarded except in extreme cases where the situation of the parties requires such action. Beasley v. Beasley, Tex.Civ.App., 304 S.W.2d 158; Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241. It is also well settled that, everything else being equal, the custody of small children should be awarded to the mother in the absence of unusual circumstances affecting the child's best interest and welfare. Beasley v. Beasley, supra; Carter v. Carter, Tex.Civ.App., 318 S.W.2d 471. Of course, the decree in the former case is res adjudicata of all facts up to the time of the decree, and the court is not authorized to change such custody award, except upon a showing of changed conditions which affect the welfare of the child involved, but where changes are shown, as in this case, then the child's best interest and welfare become the determining factor, and the trial court has a broad discretion in determining the question, and his ruling will not be disturbed unless there is a clear abuse. Bridges v. Davis, Tex.Civ.App., 303 S.W.2d 870; Tedder v. Bloyd, Tex.Civ.App., 283 S.W.2d 409; Perdue v. Walden, Tex.Civ.App., 282 S.W.2d 744; Luman v. Luman, Tex.Civ. App., 231 S.W.2d 555; Watts v. Rutledge, Tex.Civ.App., 211 S.W.2d 995; Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371; Cox v. Ueblacker, Tex.Civ.App., 197 S.W. 2d 146.

We have carefully examined the entire record and have reached the conclusion that none of the trial court's findings of fact are so against the overwhelming preponderance of the evidence as to be manifestly wrong or unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We believe the trial court was guided by the facts established by the evidence and by the well grounded legal principles involved. The judgment is affirmed.