**J. K. MEYER, Appellant,**

v.

**Alice M. MEYER, Appellee.**

**No. 11027.**

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1962.

Rehearing Denied Nov. 21, 1962.

---

1. Specific tax liens not here applicable are created on personal property by Art. 7048 and Art. 7269, V.C.S.

husband J. K. Meyer, appellant, upon the grounds of mental and physical cruelty under the provisions of Art. 4629, Subd. 1, Vernon's Annotated Civil Statutes, and for the custody of their four minor male children. After trial without a jury the Trial Court granted a divorce in favor of appellee and awarded the custody of the two younger children to their mother and the custody of the two older children to their father. Appellant's amended motion for New Trial having been overruled, this appeal was perfected.

For his 1st and 2nd points of error appellant contends that the Trial Court erred in holding that appellee had been a resident of Texas for more than one year and had resided in Dallas County for more than six months immediately preceding the filing of her original petition on May 24, 1961 and her first amended original petition on July 5, 1961 within the meaning of Art. 4631, V.A.C.S.

Appellee filed her original petition for divorce in the Domestic Relations Court of Dallas County, Texas, on May 24, 1961 and thereafter filed her first amended original petition on July 5, 1961, amplifying the allegations in the original petition.

Appellee testified that her residence and domicile and also that of her husband had been in Garland, Texas, for three years preceding the filing of the original petition, although that at the time of the trial she was temporarily residing in Kirkwood, Missouri; that she had left her residence in Garland about May 7, 1961 and moved to Kirkwood, Missouri, to stay with her parents temporarily because she was afraid of her husband who had attempted to commit her to a mental institution. Appellee consistently testified that the stay with her parents at Kirkwood was temporary only.

Her testimony as to her residential qualifications were corroborated by the testimony of her husband who stated that he had been a minister of a church in Garland, Texas, for approximately three years im-

DeShazo & Hyde, Dallas, for appellant.

Storey, Armstrong & Steger, Donald A. Swanson, Jr., Donald W. Jackson, Dallas, for appellee.

RICHARDS, Justice.

Alice M. Meyer, appellee, brought suit for divorce in the Domestic Relations Court No. 1, Dallas County, from her

mediately preceding the filing of the divorce action, his resignation from that church having been tendered subsequent to their separation and becoming effective July 31, 1961; and that on June 3, 1961 she came home to Garland to take the boys to Kirkwood on a visit. In addition, the residential qualifications of appellee were never raised or controverted by appellant by any pleadings nor did appellant offer testimony to controvert appellee's testimony as to her residential qualifications, such question being raised for the first time in appellant's amended motion for new trial.

Art. 4631, V.A.C.S., provides that no divorce suit shall be maintained in the courts of Texas unless the petitioner shall at the time of exhibiting the petition be an actual bona fide resident of Texas for a period of twelve months and shall have resided in the county where suit is filed for six months next preceding the date of filing of the petition. The provisions of this statute are not jurisdictional but merely provide the necessary residential qualifications for bringing an action for divorce. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 79, 89 A.L.R. 1198.

In its judgment the Trial Court found that the residential qualifications of Art. 4631, V.A.C.S., had been complied with. Since residence is a qualification and a fact issue to be determined by the Trial Court, its findings will not be disturbed on appeal unless there is a clear abuse of discretion. Vinson v. Vinson, Tex.Civ.App., 340 S.W.2d 562, 563 (N.W.H.); Batte v. Batte, Tex.Civ.App., 349 S.W.2d 112, 113 (N.W.H.). It is well settled that temporary absence from the county and state of residence prior to the filing of an action for divorce does not destroy the residential qualifications required by Art. 4631. Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90, 92; Bell v. Bell, Tex.Civ.App., 135 S.W.2d 546, 547 (N.W.H.); Black v. Black, Tex.Civ. App., 185 S.W.2d 476, 478 (N.W.H.).

In addition, appellee derived her domicile in Dallas County, Texas, through the domicile of her husband in Garland, Texas, up to July 31, 1961, Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807, 812, since there is no evidence in the record that appellee acted upon any intent to create a separate domicile prior to July 5, 1961 when her first amended petition was filed. Residential qualifications may be met either at the time of the filing of the original or an amended petition.

Since the Trial Court was the sole judge of the credibility of the testimony of appellee upon the question of residential qualification, which was uncontradicted, and is supported by full, clear and satisfactory evidence, such finding will not be disturbed. Padgett v. Padgett, Tex.Civ. App., 341 S.W.2d 470 (N.W.H.). Appellant's 1st and 2nd points of error are overruled.

Appellant's 3rd point of error is directed to the error of the Trial Court in granting a divorce to appellee because of the lack of supporting evidence of statutory grounds provided in Art. 4629, Subd. 1, V.A.C.S. In her first amended petition and first supplemental petition appellee alleged many specific acts of harsh and cruel treatment toward her by her husband of long duration and upon the trial gave affirmative testimony in support of these allegations. The testimony of appellant was directly contradictory to or in explanation or mitigation of the acts of cruel treatment testified to by appellee.

Some of the acts of appellant's cruel and harsh treatment of appellee which were alleged and testified to by her are as follows: that during her third pregnancy she requested her husband to stop spanking one of the children and that he turned on her and hit her in the stomach with his fist as a result of which one of the twins which she delivered died; that in March, 1961 her husband knocked her to the floor and as a result thereof she was hospitalized

for a disc condition and put in traction for three weeks before an operation was performed to relieve the condition; that during April, 1961 while she was recovering from the operation appellant called the pharmacy and gave instructions that his wife was not to have any more pills for her post operative pain; that in February, 1961 while she was asleep her husband shook her and slapped her and called her "you contemptible female"; that her husband had humiliated her in the presence of her children by bringing three of the boys in the living room and pointing to her and stating "look at that miserable creature, that is your mother" and that her husband had for a long period of time stated that his wife needed psychiatric care, charging that she was crazy, neurotic and queer and that she wished to destroy him and she had ruined his career.

It would serve no useful purpose to fully detail and discuss the voluminous testimony of both appellee and appellant as to the various acts of cruel and harsh treatment above referred to. The testimony of appellee as revealed by the statement of facts shows a long course of cruel treatment by appellant toward appellee, none of which was condoned by appellee and which instances of harsh and cruel treatment individually and taken as a whole, in our opinion, constitute such cruel treatment, both physical and mental as to render their further living insupportable and are grounds for divorce within the meaning of Art. 4629, Subd. 1, V.A.C.S. Guerra v. Guerra, Tex.Civ.App., 327 S.W.2d 625, 628 (N.W.H.); Ingham v. Ingham, Tex. Civ.App., 240 S.W.2d 409, 411, Mand. overruled.

■■ The Trial Court having found in its judgment that the material allegations contained in appellee's amended petition and supplemental petition were supported by the evidence and were true, and since the Trial Court is the sole judge of the credibility of the witnesses where the testimony of one witness is directly controverted by another witness, the presumption in favor of the Trial Court's decision should be accepted by this Court. Mortensen v. Mortensen, Tex. Civ.App., 186 S.W.2d 297, 305 (N.W.H.).

■■ While it is the duty of this Court to determine that the judgment of the Trial Court was rendered upon "full and satisfactory evidence" affirming the material facts alleged in the petition, the Trial Court's determination of such facts will not be disturbed in the absence of a showing of a clear abuse of discretion. Hunter v. Hunter, Tex.Civ.App., 321 S.W.2d 92, 94 (N.W.H.). Corroboration of appellee's testimony is not required even though appellant denied the allegations and the testimony of appellee. Finn v. Finn, Tex.Civ.App., 195 S.W.2d 679, 681; Mand. overruled, Finn v. Bond, 145 Tex. 244, 197 S.W.2d 108. There being no evidence showing any abuse of discretion the findings of the Trial Court are approved and appellant's 3rd point of error is overruled.

In his 4th and 5th points of error appellant contends that the Trial Court erred in awarding custody of the two minor children to appellee when all of the evidence showed that appellee was unstable mentally and emotionally and that the present home of the children and the circumstances surrounding their living conditions constituted a better place for their rearing. Under her 3rd counterpoint appellee urges that the Trial Court was correct in holding that she was a fit and proper person to care for and support the two minor children and that the evidence and circumstances of the case warranted the division of custody of the four minor children between the parents.

There were four minor children born of the marriage, namely: John K. Meyer, Jr. age 16 years (now 17 years); Craig A. Meyer, age 14 years (now 15 years); Glen V. Meyer, age 10 years (now 11 years); and Scott D. Meyer, age 2 years (now 3 years). After hearing all of the evidence including interviews in the Court's Cham-

bers with the three older children, the Trial Court entered the following decree:

"* * * and it appearing to the Court that the best interests and welfare of such children will best be served by allowing all four boys to remain temporarily with Defendant until mid-term and after mid-term by allowing the two oldest boys, John K. Meyer, Jr., and Craig A. Meyer, to remain in school at the residence of Defendant in Waverley, Iowa, and the two younger boys to remain with Plaintiff; and it further appearing to the Court that plaintiff is a fit and proper person to have the care, custody and control of such children;

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that the temporary custody of the four children be awarded to the Defendant, J. K. Meyer, until mid-term in the public schools in Waverley, Iowa, in January, 1962, after which time the care, custody and control of the two younger children, Glen v. Meyer and Scott D. Meyer, be granted to Plaintiff, Alice M. Meyer, and the care, custody and control of the two older boys John K. Meyer, Jr., and Craig A. Meyer, be granted to the Defendant, J. K. Meyer, with Plaintiff to have the right of reasonable visitation of the two older boys with her during the first one-half of the summer vacation, 1962 and subsequent years, and with the right of the Defendant to have reasonable visitation of the two younger boys during the latter one-half of the summer vacation period, 1962 and subsequent years. * * *"

▬▬▬ The award of custody of minor children in an action for divorce is within the sound discretion of the Trial Court and in the absence of an abuse of discretion, the appellate court is without power to reverse such judgment. Thomason v. Thomason, Tex.Civ.App., 332 S.W.2d 148, 151

(N.W.H.). Since the Trial Court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, unless the award is so contrary to the great preponderance of the evidence, it is our duty not to disturb the Trial Court's action unless an abuse of discretion is shown. Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19, 22, error ref. N.R.E. From a careful examination of the record we cannot find that in awarding the custody of the two younger children to the mother that there was any abuse of discretion by the Trial Court. Thomason v. Thomason, supra.

▬▬▬ It is true as a general principle of law that the custody of the minor children and particularly those of tender years should be awarded to the mother unless the Court is convinced that she is unfit, Beasley v. Beasley, Tex.Civ.App., 304 S.W.2d 158, 161, error ref. N.R.E. Nevertheless the best interests of the child is the paramount object to be sought by the Trial Court in its award of custody, Tunnell v. Reeves, Tex. Com.App., 35 S.W.2d 707, 710.

Appellant challenges the fitness of appellee to be awarded the custody of any of the children on the ground of mental and emotional instability. But the Trial Court found that appellee was a fit and proper person to have the custody of the two younger children which finding was evidently based upon the testimony of two competent psychiatrists that she was a fit and proper person to have the custody of her minor children.

▬▬▬ Ordinarily there should be no division of the minor children between the divorced parents unless such division is warranted by the circumstances of the particular case, Beadles v. Beadles, Tex.Civ.App., 251 S.W.2d 178, 180 (N.W.H.). But each case must stand upon its own record. In the instant case, the Trial Court, having heard the testimony of both appellant and appellee as well as the three older minor children, determined that the two younger

boys would receive better care and affection if placed in the custody of appellee and that the custody of the two older boys should be given to appellant since they had expressed a preference to be under the care of their father. In making the respective awards the Trial Court exercised sound discretion and therefore its judgment should not be disturbed. Beadles v. Beadles, supra.

The Trial Court's judgment entered January 4, 1962 provided that the temporary custody of the four children be awarded to appellant until mid-term in the public schools in Waverly, Iowa in January, 1962 after which the care and custody of the two younger children was granted to appellee. On motion of appellant to deny any stay or suspension of the custody order pending this appeal on January 25, 1962, the Trial Court entered its order that its judgment entered January 4, 1962 respecting the care and custody of the minor children be fully complied with and enforced and that such order and judgment should not be stayed or suspended pending the hearing on appellant's Motion for New Trial or any appeal. In her reply to appellant's amended Motion for New Trial appellee alleged under oath that appellant had refused to turn over to her the two minor children Glen Meyer and Scott Meyer at the end of the school term in Waverly, Iowa, on or about January 22, 1962, and had removed the children or caused them to be removed from their place of residence in Waverly, Iowa and had concealed them from her, thereby preventing her from taking the care and custody of the children at the time set in the Court's judgment. Appellant's Motion for New Trial was overruled on February 22, 1962.

It appears from the affidavit of appellee filed May 21, 1962 in connection with her Motion to Dismiss this appeal that the whereabouts of the two minor children Glen and Scott were unknown to and could not be ascertained by appellee. In his reply to the Motion to Dismiss appellant attached an affidavit dated May 28, 1962, stating that his then residence was in Des Moines, Iowa and that all four children were in the State of Iowa, without stating their place of residence, and that it was to the best interest of the children that they remain with him until the final decision of this appeal.

The Trial Court having ordered that its judgment with respect to custody should not be superseded, the refusal of appellant to comply with the Trial Court's order, coupled with his express failure to reveal the whereabouts of the children without good and sufficient reason, would constitute contempt of the Trial Court. But since appellant is beyond the jurisdiction of this Court, he cannot be reached through the usual contempt proceedings.

To paraphrase the opinion of the Commission of Appeals in Burckhalter v. Conyer, 7 S.W.2d 73, 74, appellant is in the attitude of asking this Court to reverse the judgment of the Trial Court giving appellee permanent custody of the two younger children, Glen and Scott, while his action in keeping the children beyond the jurisdiction of the Trial Court would render the judgment ineffective if it should be in favor of appellee. The judgment of the Trial Court must be complied with before this Court could even consider granting the relief sought by appellant. Appellant's fourth and fifth points of error are overruled and the judgment of the Trial Court is affirmed.

Affirmed.