### VALENTINE et al. v. VALENTINE.
### No. 5792.

Court of Civil Appeals of Texas. Amarillo.
June 30, 1947.

W. F. Nix and E. T. Miller, both of Amarillo, for appellants.

Hazelwood & Richards, of Amarillo, for appellee.

LUMPKIN, Justice.

The appellee, R. C. Valentine, Jr., filed this suit for divorce and custody of his minor daughter, Billye Sue Valentine, against his wife, Juanita Sue Valentine, appellant. The wife filed an answer and cross action, in which she asked for a divorce and custody of the child. Each party alleged cruel treatment as grounds for divorce. Appellant's foster mother, Mrs. Stella Glasscock, intervened and asked that she be awarded the care and custody of Billye Sue Valentine. On this appeal the intervenor joins the wife as an appellant.

The trial was to a jury. In answering the special issues submitted, the jury found for the appellee and against the wife and intervenor and found that the care and custody of Billye Sue should be placed in her father, the appellee. In the judgment the court, without being influenced by the answers of the jury, made its own findings of fact. These findings were against the appellant and intervenor, and judgment was duly rendered granting the husband a divorce and awarding him the custody of the child with rights of reasonable visitation vested in the mother. To this judgment the appellants gave notice and have perfected their appeal to this court; however, there is no appeal from that portion of the judgment granting the divorce.

In six assignments of error appellants attack the judgment on two grounds: (1) Under the evidence the custody of the child should be awarded to the mother; (2) because of the inflammatory, prejudicial, and out of the record argument made by appellee's counsel, which amounted to unsworn testimony being put before the jury, the verdict and judgment should be reversed and a new trial ordered.

The record discloses that the appellee and his wife were married November 24, 1944; that their daughter, Billye Sue, was born May 22, 1945. Appellee testified he was inducted into the army of the United States

December 4, 1944; and that his married life from the date of the marriage to about August 26, 1945, the date he was ordered overseas, was a happy one. Appellee returned to the United States August 26, 1946. Valentine testified that while he was overseas, he heard from his wife regularly, but as time went on, he heard from her less and less frequently until the last two months when he ceased hearing from her altogether. When he returned home, discharged from the army, the first time he saw his wife she was in the company of one Jack DeWeese; that she told him she had changed a lot and did not want him any more—that she thought DeWeese would make her happy, and she asked appellee for a divorce. Upon the occasion of this conversation, Valentine stated, his wife had been drinking intoxicants. He said that since his return home, he had seen appellant in DeWeese's company many times. Appellee introduced into evidence three letters written by men and received by his wife while he was overseas. Also introduced were two pictures which show appellant in the company of a young woman and some young men, probably soldiers, which, although they do not in themselves criminate appellant, show, together with the letters, that she left her home in Vega, Oldham County, Texas, at a time while her husband was overseas, and visited a soldier stationed near San Antonio, Texas. From the evidence, it is deduced that her child Billye Sue, remained with Mrs. Stella Glasscock while appellant made this trip.

Other witnesses, most of them residents of Vega and friends of the appellant, testified that during the period the appellee was overseas, his wife made it a practice to visit night clubs, associate with men, and use intoxicants. Some of the witnesses testified that although they had seen the appellant daily in and around Vega for a period of seven or eight months, they had not seen her with her baby but twice, and on one of these occasions Mrs. Glasscock was present. On one occasion, the appellant lived for a week in a tourist court in Vega. The evidence does not reveal where the baby was during this period; it is to be assumed she was with Mrs. Glasscock. As to whether or not the young mother had any affection for her child, the following testimony of Beth Ferguson, a contemporary and friend of the appellant, is probably revealing:

"Q. Did she ever say anything whether or not she wanted the baby or not? A. Well, she said she was—she did not want to be bothered with her; it was just some child—to leave it with her mother."

Since the appellant did not take the stand in her own behalf or testify at any time during the trial of this case, none of this testimony was contradicted. Nor was any witness called from her apparently many friends residing in Oldham County or Amarillo to refute the insinuations made against her reputation as a woman and mother. The only witness who appeared in her behalf was Mrs. Stella Glasscock, the intervenor. From her evidence, it is discernable that the care and most of the financial burden of Billye Sue since her birth has been borne by Mrs. Glasscock. Her testimony clearly shows that the appellant has never seriously assumed the care of her child—this responsibility she has been content to leave to her foster mother.

At the time of the trial the appellee was twenty-one years old, the appellant, Juanita Sue Valentine, about seventeen years of age.

In the absence of positive disqualification of the parents, they have the first right to the care and custody of a minor child, even as against a foster grandmother, or others, who might conceivably be in a better financial condition to do more for the child than either of the parents. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901. As between the parents, the general rule is the custody of a very young child should be awarded to the mother. McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296; Cass v. Cass, Tex.Civ. App., 193 S.W.2d 279; Redwine v. Redwine, Tex.Civ.App., 198 S.W.2d 472. However, the courts will not accept this rule to the point that before they will fail to award a young child to the mother, it must be shown that her conduct is of such a nature

as to visibly and demonstrably undermine the child's well-being. Lotz v. Lotz, Tex. Civ.App., 185 S.W.2d 481.

■ The power to award the custody of children is wisely placed in the sound discretion of the trial court, and it is a well established rule of law in such cases that the judgment of the trial court will not be disturbed on appeal unless an abuse of this discretion is shown by a great preponderance of the evidence. Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491, Tims v. Tims, Tex.Civ.App., 201 S.W.2d 865.

■■ Did the trial court abuse its discretion in awarding the care and custody of Billye Sue to the appellee? With the presentation of facts which by innuendo reflect on the character and reputation of the appellant, with testimony as to her neglect, lack of attention, and possibly lack of affection for her child, and with nothing to controvert any of this evidence, we cannot say the trial court abused its discretion. The appellee testified he wanted the care and custody of Billye Sue; he testified he was willing and able to care for her; and his parents told the court they could and would assist him in this endeavor. The trial court must look, in the light of all the circumstances, to the best interest of the child. With the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of parties, no one is in a position to do this better than the trial court. The trial court, as did the jury, after hearing all the testimony offered, concluded that Billye Sue's interest would be best served by awarding her care, custody, and control to her father, the appellee. This conclusion, in our opinion, is supported by the evidence. We must assume that the court, acting under the well established rules of law, placed the custody of Billye Sue Valentine in the hands of the parent best fitted under the evidence to care for her. There-

fore, the appellants' points of error in this connection are overruled.

Next the appellants complain of certain remarks made by appellee's counsel before the jury which they allege were inflammatory, sensational, and prejudicial.

■■ Article 4639, Vernon's Annotated Civil Statutes provides: "* * * The court shall have power, in all divorce suits, to give the custody and education of the children to either father or mother, as the court shall deem right and proper * * *." When a divorce suit involving the custody of a minor child is tried before a jury, the findings and verdict of the jury on issues relating to the custody of the minor child are advisory only and never binding upon the court. Wright v. Wright, 50 Tex.Civ. App. 459, 110 S.W. 158; Kentz v. Kentz, Tex.Civ.App., 209 S.W. 200; Northcutt v. Northcutt, Tex.Civ.App., 287 S.W. 515; Lawler v. Lawler, Tex.Civ.App., 15 S.W. 2d 684. In its judgment the court copied the special issues submitted to the jury and the jury's answer thereto; then, in part, the court said "* * * And the court, having carefully listened to and considered all the evidence introduced in behalf of all parties to this suit, and without reference to or being influenced by any answers or findings by the jury to the special issues submitted in this cause, makes his own findings of fact based upon a great preponderance of the evidence, wholly independent of any such answers and findings by the jury * * *." The court then found that the interests and welfare of the child would be best served by awarding the custody to the appellee. The appellants complain of the argument of appellee's counsel to the jury with reference to the custody of this child. Since the awarding of the custody was not predicated upon the jury's findings, we consider counsel's remarks harmless. The appellants' points of error in this connection are overruled.

A careful review of the record reveals no reversible errors. The judgment of the court below is affirmed.