Alma Louise ERWIN, Appellant,

v.

Lonnie E. ERWIN, Appellee.

No. 15777.

Court of Civil Appeals of Texas.

Dallas.

March 24, 1961.

McNicholas & Schmolder, Dallas, for appellant.

Alvin Boyd and Clairenne Sanborn, Dallas, for appellee.

WILLIAMS, Justice.

This suit involves the change of custody of four minor children. By decree of a District Court of Dallas County, Texas, on July 7, 1955, appellee Lonnie E. Erwin was divorced from appellant Alma Louise Erwin and said judgment awarded the custody of the four minor children of the parties to the mother, Alma Louise Erwin. After this divorce, appellee remarried and to this marriage has been born a son. In addition, appellee's present wife, at the time of their marriage, had three children by her former marriage, all of whom have been adopted by appellee. Subsequent to the original divorce decree appellant also remarried but this marriage was short lived and ended in divorce. Although she had the legal custody of the four children in dispute, appellant voluntarily entered into an agreement with appellee whereby appellee, in September 1957, took over the care and maintenance of the four children and kept them in his home, with the other four children, until about October 1959, when, without notice appellant removed three of her minor children from appellee's home in Kaufman County, Texas and brought them to Dallas. A third child, a girl, by her own choice remained in the home of appellee. Appellee then instituted this suit in the form of a motion for change of custody of the four minor children, alleging a change of conditions since the original divorce judgment. Appellant then filed her application for a writ of habeas corpus seeking to recover the custody of the one child remaining in the home of appellee. By agreement, these issues were tried together before the court, without a jury, and the court, after hearing the testimony, both as to the application for writ of habeas corpus and on the motion for change of custody, rendered judgment awarding custody of the four minor children of the parties to appellee, with visitation rights to appellant. From this order appellant brings this appeal.

The Juvenile Judge, based upon the evidence, including a conference in Chambers with two of the minor children involved, made findings of fact in which he found

that at the time of the original divorce the appellant—mother—was given the equity in the home of the parties and that the appellee—father—had no adequate means of caring for and providing a home for the minor children; that subsequent thereto, by agreement between the parties, appellee was given the care and maintenance of the four children and that, since September 1957, he has cared for, supported, and provided for their needs, and also sent them to school. The court further found that appellee had remarried and adopted three minor children of his present wife, and, in addition there has been born to the second marriage one child; that appellee and his second wife are devoted and considerate parents to all of the children, and have established a four-bedroom, three-bath brick home on a 99-acre farm in Kaufman County, near Dallas, in order to fully provide for material, spiritual, educational, recreation, supervisory need of all of the children; that said children, while in the custody of the father, have received exceptional care and attention, and are in an environment ideal to their rearing, education and adjustment. The court further found that there has been a substantial change of conditions in the circumstances of the parties, requiring a change of custody from the original decree. This change included the agreement whereby the mother voluntarily delivered the four children to the father for a period of over two years and that, disregarding her prior agreement, did obtain three of the children and brought them to Dallas where she was living in a one-bedroom home; that the appellant was employed and, during such time that she was working, the children were left in the custody and care of a neighbor who had two small children of her own to care for. The court found that appellant did not furnish adequate care and supervision for the three children now in her custody and that her attention to the children's needs was erratic and irregular; that her plans for the future care of the said minor children were vague and indefinite and did not take into account the supervision and attention that children require. Based upon these findings of fact the Juvenile Judge concluded that the best interest and welfare of the four minor children involved was paramount in determining to which of the divorced parents custody should be awarded by the court, and that, in his opinion, the best interest and welfare of the children involved is that custody be awarded to the natural father, appellee herein.

Appellant's brief does not conform to the rules in that no point or points of error are stated. However, following the liberal policy of construction of briefing rules, we will proceed to discuss the grounds, as we understand them, upon which appellant apparently relies to support her appeal, as disclosed in the statements and arguments in the brief. Wyche v. Noah, Tex.Civ.App.1956, 288 S.W.2d 866; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478. From the statement of appellant we conclude that her contention is that the trial judge abused his discretion in awarding the children to the natural father, and also that the trial judge erred in assuming that the best interest to the children would be served by awarding them to the natural father, because, there was a lack of evidence of change of conditions to support such change of custody.

The question of whether a trial court has abused its discretion is one of law requiring an appraisal of the facts. "The trial court must look, in the light of all the circumstances, to the best interest of the child. With the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of the parties, no one is in a position to do this better than the trial court." Valentine v. Valentine, Tex.Civ.App.1947, 203 S.W.2d 693, 696.

In Taylor v. Taylor, Tex.Civ.App.1931, 42 S.W.2d 455, 456, the esteemed Justice

Alexander, later Chief Justice of the Supreme Court, said:

"Ordinarily where the custody of minor children is involved, the best interest of the children is the paramount issue. (Citing cases.) The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune. Dunn v. Jackson (Tex.Com.App.), 231 S.W. 351. The question as to which of the two homes will best promote the interest of the minors is a question of fact. The authority and discretion to weigh the testimony and to determine where the best interest of the minors will be subserved is vested in the trial court, and the appellate court should not disturb the judgment of the trial court unless it is so contrary to the great preponderance of the testimony as to reveal an abuse of that discretion. (Citing many cases.)"

This rule is later reiterated by the Supreme Court in Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

Accordingly, we have carefully read the entire record in this case and the testimony having to do with change of conditions as well as the best interest of these minors may be summarized as follows: following the original divorce decree in July 1955 appellant, being awarded custody of the four minor children, retained them in the family three-bedroom brick home in Dallas, Texas. But shortly thereafter the house was lost to foreclosure, and appellant moved her children to another house in Dallas where she lived approximately six months when she remarried and she and her second husband and the four children moved into a two-bedroom house belonging to her mother. The adult members of the family were employed and the children were attended by a baby-sitter. Second marriage of appellant ended in divorce shortly thereafter, not only because the second husband drank excessively, but also because he cursed one of the little girls. During the period from September 1957 until October 1959, when the children were voluntarily given to appellee by appellant, they were well taken care of and became integrated into the family unit of eight children. For more than two years all of the children had associated together as brothers and sisters as a unit; they live in an adequate house located on a farm near Dallas and receive proper schooling. Three of the children, removed by appellant without notice, live with her in a one-bedroom apartment, and while she is working they are in the care of a baby-sitter.

The trial judge had before him in person the parties and the witnesses and was in a better position to judge temperament, conduct, appearance, credibility, and many other characteristics of the litigants, which are material to the difficult decision as to how the welfare of the children will be best served, than anyone else. Rauh v. Rauh, Tex.Civ.App., 267 S.W.2d 584. The testimony concerning the agreement to change the care and maintenance of the children during the more than two-year period is, alone, sufficient to support the trial judge's finding of changed conditions. Odgen v. LeSueur, Tex.Civ.App.1951, 236 S.W.2d 872. In our opinion the testimony in this case is amply sufficient to justify the decision of the careful trial judge. Nothing appears in this record to support the contention that the trial judge abused his discretion.

The judgment of the trial court is affirmed.