Edwin DeWayne **BIRDWELL et al.**,
Appellants,

v.

Sammie Rue **ASHCRAFT**, Appellee.

No. 15926.

Court of Civil Appeals of Texas.

Dallas.

Dec. 1, 1961.

Leland Johnson and Burt Barr, Dallas, for appellants.

Warren Berzett, Dallas, for appellee.

YOUNG, Justice.

This is a child custody case, initiated by application for writ of habeas corpus, filed by the mother Sammie Rue Ashcraft (formerly Birdwell) and joined by her present husband Rayburn Ashcraft against DeWayne Birdwell and parents, Mr. & Mrs. Edwin Birdwell, alleging that said respondents are illegally withholding the person of above minor child, seeking a return of said Annie Laurie Birdwell to its mother, the relator, pursuant to a previous decree of divorce rendered March 15, 1960 and styled Sammie Rue Birdwell vs. Edwin DeWayne Birdwell.

The habeas corpus proceeding was filed August 18, 1960 and heard to the merits before the trial court on November 9, over some 195 pages of testimony; with the result that the writ was granted, the child awarded to its mother, the relator, and all relief prayed for by respondents denied from which this appeal has been duly prosecuted.

All respondents answered by allegations that since the original award of custody in the March 1960 divorce suit, there had developed a change of conditions whereby the mother Sammie Rue Ashcraft (formerly Birdwell) had abandoned said child and voluntarily placed it in the care, custody and control of respondents, even before the decree of divorce; the child at that time being of neglected and dependent status, having no one to properly care for it except respondents, the father and his own parents; said parties having since retained the child's custody and care to the present time; and praying for judgment for permanent custody, first to the father DeWayne Birdwell and alternatively to the grandparents, Mr. & Mrs. Edwin Birdwell.

Respondent, DeWayne Birdwell, answering separately, reiterated that, owing to changed conditions since award of custody to relator Mrs. Ashchaft, the care, custody and control should be changed from its mother to this defendant. He further alleged that he had not lived with relator since November 4, 1958, but that notwithstanding this, his former wife was pregnant at date of divorce by Rayburn Ashcraft, marrying him on March 18, 1960 with another child born some two months thereafter which is not this defendant's child; that the relator, mother of Annie Laurie Birdwell, did not take this child with her at time of the March 1960 divorce, has attempted to visit it only once in August 1960, "has sent the child no birthday presents, has not contributed one cent to the support or sent it any clothes of any kind nor provided it with any medical care." That instead, this defendant has "cared for said child, has furnished it food, clothing,

home, love and affection, that the natural mother does not care for said child, that she turned it over to her mother for care, that the maternal grandmother turned it over to defendant and his mother and they have cared for said child since said time"; likewise praying for final custody.

Points of appeal complain of court error "in sustaining the writ and turning the minor child over to its mother for by her own conduct she had forfeited any rights she might have had to said child". Also of error because the court judgment is not supported by substantial evidence.

The child in question was some 16 months old at time of trial; the earlier divorce decree of March 1960 was obtained on waiver of defendant DeWayne Birdwell and without his appearance. Relator, the mother, candidly admitted to a prenuptial affair with her present husband; that she, while enceinte was without employment, funds or place to rear Annie Laurie; turning said infant over to her own mother temporarily, who becoming sick, turned her over to respondents on a like basis; that at time of trial the Ashcrafts were living at 1202 Strickland Street, Dallas, with adequate home facilities; respondents refusing to return the child to her. Relator is now employed with Dallas Community Chest, her husband at Dallas Osteopathic Hospital; Annie Laurie being cared for during the day by the maternal grandmother, Mrs. Eitel who lives less than two blocks away.

On the other hand, respondents, the Birdwells, parents and son DeWayne, have a comfortable home on Glenfield Street, West Oak Cliff, all employed and leaving the child with a baby sitter when necessary, and all contributing to its support and proper raising. It is admitted that said child developed a vitamin deficiency while with its mother, appellants claiming that same was due to lack of needed medical care. It is plain from the record that this child will be properly cared for and reared in either environment.

Appellants recognize the settled rule that a child's mother should be given preference in award of custody if she be a fit person, especially so of a girl of tender years, but arguing that such right has been forfeited by relator's earlier indiscretions, apparent neglect and voluntary relinquishment of custody. However, these considerations should not be allowed to weigh too heavily against relator in view of her present fitness and strong desire to regain possession of her child and demonstrated ability to properly care for it now and in the foreseeable future.

■■■■ The March decree of divorce at time of its entry was res adjudicata of the child's best interest and of the custody. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790, and any change of conditions since that time has worked in favor of relator rather than respondents. Obviously the right of custody by the father DeWayne Birdwell is subordinate to hers, he being only a resident of the home rented by his parents; and likewise, the rights of the latter respondents as a matter of law are seen to be inferior to that of relator with respect to custody of her infant child. The trial court's rendition to that effect involved no abuse of discretion, it having support in sufficient evidence of probative force. Says Taylor v. Meek, supra, "The question of whether a trial court has abused its discretion is one of law requiring an appraisal of the facts. 'The trial court must look, in the light of all the circumstances, to the best interest of the child. With the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of parties, no one is in a position to do this better than the trial court.' Valentine v. Valentine, Tex.Civ.App., 1947, 203 S.W.2d 693, 696."

The judgment of the trial court is accordingly affirmed.