**Betty Ann HOLITZKE, Appellant,**

v.

**Pat H. HOLITZKE, Appellee.**

**No. 606.**

Court of Civil Appeals of Texas, Tyler.

Feb. 3, 1972.

Rehearing Denied Feb. 24, 1972.

Charles H. Clark, Tyler, for appellant.

John W. Hardy, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is a divorce suit originally brought by Pat H. Holitzke, appellee, in the Court of Domestic Relations in and for Smith County, Texas, against Betty Ann Holitzke seeking divorce; care, custody and control of the minor children;[1] and a fair and equitable division of the community property. Upon hearing the evidence the trial court, sitting without a jury, rendered judgment dissolving the bonds of matrimony heretofore existing between the appellant and appellee, dividing the community estate, and awarding custody of the three minor children to the father, appellee Pat H. Holitzke, taxing all costs against the appellee.

Appellant excepted to this judgment and timely gave notice of appeal to this court.

The appellant before this court asserts that the trial court erred in awarding the permanent care, custody and control of the three minor children of such tender age to the father, Pat H. Holitzke. No complaint or attack is lodged against any other portion of the judgment.

Upon trial of the case, there was no real contest as to the rights of appellee to obtain a decree of divorce and the community property issues were largely settled by agreement. There was, however, a serious contest between the parties as to the awarding of the permanent care, custody and control of the minor children.

1. Wade Derek Holitzke, a boy 11 years of age, Leah Michele Holitzke, a girl, 10 years of age, and Wendy Lynn Holitzke, a girl, 8 years of age all at the time of trial.

Appellee in his first amended original petition upon which he went to trial sought custody of the three minor children of the marriage alleging that he is a fit and proper person to have the care, custody and control of said minor children and it would be in the best interest of said children to award their care, custody and control to him. He further alleges that the appellant, Mrs. Holitzke, ". . . has not conducted herself in a proper manner in the care of their three (3) minor children, but, on the contrary her conduct has been such as would be calculated to be detrimental to the best interest and welfare of the said minor children."

The court did not make and file separate findings of fact and conclusions of law and none were requested; however, the court did in its judgment find that the material allegations of appellant's petition were supported by the evidence. The court further found in its judgment that ". . . having heard the evidence as to surroundings and circumstances of each of the said children and the financial circumstances, character and fitness of their parents and their ability to contribute to the support of such children," it was of the opinion that the best interest of the said children would be served if they were given into the custody of the petitioner, the appellee, Pat H. Holitzke. Thereupon the court proceeded by its judgment to award the care, custody and control of the three minor children to the appellee, Pat H. Holitzke, with the right of appellant, Betty Ann Holitzke, to visit with the said children at reasonable times and places.

No useful purpose would be served in setting out the evidence. Suffice it to say, in our opinion the evidence is sufficient to support the judgment and the findings made therein.

■ Article 4639a, Vernon's Ann.Civ.St., authorizes the trial court in divorce suits where there are minor children under eighteen (18) years of age involved, in the event a divorce is granted, to award custody of the child or children to either the father or mother as it deems is for the best interest of the child or children. The paramount question to be decided in custody matters is the best interest of the child and any right of a parent must yield to such welfare and best interest. It is thought that no one is in better position to clearly pass upon this question than the trial judge who has the opportunity to see the parties and observe their demeanor and personalities. He is in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child or children than can be ascertained by reading the record. It has been repeatedly held by the courts of Texas, including our Supreme Court, that the trial court has a wide discretion in awarding custody of children and that an award will not be reversed unless an abuse of discretion is clearly shown. Mabie v. Mabie, 398 S.W.2d 374 (Tex.Civ.App., Eastland, 1965, n. w. h.); Quarles v. Quarles, 386 S.W.2d 337 (Tex.Civ.App., Dallas, 1965, dism., w. o. j., 388 S.W.2d 926); Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup., 1963); Birdwell v. Ashcraft, 352 S.W.2d 463 (Tex. Civ.App., Dallas, 1961, n. w. h.); Erwin v. Erwin, 344 S.W.2d 923 (Tex.Civ.App., Dallas, 1961, n. w. h.); Crawford v. Crawford, 256 S.W.2d 875 (Tex.Civ.App., Amarillo, 1952, n. w. h.); Wade v. Shaughnessy, 231 S.W.2d 494 (Tex.Civ.App., Eastland, 1950, writ ref.); Valentine v. Valentine, 203 S. W.2d 693 (Tex.Civ.App., Amarillo, 1947, n. w. h.); Penn v. Abell, 173 S.W.2d 483 (Tex.Civ.App., El Paso, 1943, n. w. h.).

■ After a careful examination of the record, we cannot say the trial court abused its discretion in awarding custody of the children to the appellee. An appellate court does not have the power to substitute its judgment for that of the trial court in the absence of an abuse of discretion. Meyer v. Meyer, 361 S.W.2d 935 (Tex.Civ.App., Austin, 1962, writ dism.); Wooster v. Thompson, 285 S.W.2d 954 (Tex.Civ.App., Ft. Worth, 1955, writ ref., n. r. e.); Taylor v. Meek, 154 Tex. 305,

276 S.W.2d 787 (Tex.Sup., 1955); Kell v. Texas Children's Home & Aid Soc., 191 S.W.2d 900 (Tex.Civ.App., Ft. Worth, 1945, writ ref., n. r. e.). The applicable test by a reviewing court is not what it would have done under the circumstances but whether the result reached by the trial court in awarding custody of a child or children to one of the parents amounts to abuse of discretion to the extent that it should be reversed. Again we point out that no findings of fact were requested or filed. Under such circumstances the judgment must be affirmed if it has any support in the evidence. Watts v. Watts, 390 S.W.2d 30 (Tex.Civ.App., El Paso, 1964, writ ref., n. r. e.). The judgment does have support in the evidence. After a careful examination of the record, we find ourselves unable to say that the trial court abused its discretion in awarding custody of the children to the appellee.

The trial court's judgment is affirmed.