**Ruby Auveline WOMBLE, Appellant,**

v.

**Royce Cullen WOMBLE, Appellee.**

**No. 17454.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 14, 1973.

Johnston, Cloutman & Dixon and Edward B. Cloutman III, Dallas, for appellant.

Ben H. Tompkins, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

Ruby Womble, plaintiff, sued Royce Womble for divorce, custody of their three minor children, and for a division of their community property. The defendant answered and filed a cross-action seeking a divorce, custody of the children and a property division. Following a non-jury trial the court awarded the custody of the three children to their father, gave the mother the right of reasonable visitation with the children, divorced the parties, and made a division of their property. The mother is here appealing from this decree in so far as it relates to the custody award and to the property division.

We affirm.

We will refer to the parties as they appeared in the trial court.

Plaintiff's first point of error is that the trial court erred in awarding the custody of all three of the children to their father.

We overrule this point.

The children were all boys, namely, Brian, 16 years old, Reed, 14 years old, and Greg, 11 years old. During the trial the mother testified that since the two oldest boys had expressed a desire to live with their father that the court should place their custody in him, but that she wanted custody of the 11 year old. She said it would be in his best interests if this was done. She said this child favored her and the father despises her and identifies the

child with her. She said he heckles the child and makes him cry each morning, then whips him to make him stop crying. She said he was in the hospital in February, 1972, from an emotional disturbance. She said the father punishes the children by withdrawing his love from them. She believes defendant to be in love with another woman.

When plaintiff was asked if she had undergone psychiatric care since the preliminary hearing, she testified that she had become hysterical because of things that had happened to her; that a large truck tried to run over her; that although she could not prove it Mr. Womble was responsible for it; and that her mother's telephone line was tapped.

The mother and father were the only witnesses.

The father testified that the children were emotionally upset when they came to court at the preliminary hearing, but that they have since become adjusted, are doing well in school and are as normal as they can be. He said that the youngest child is now very happy, he is healthy, and he is doing better in school than he ever has. He thinks if the children were divided that it would tear the oldest two completely apart. He says that the two oldest ones rib the youngest one, but it is all in fun and they are happy together.

The above is about the extent of the testimony the parties offered relating to the custody of the children. Both parents were working.

There was evidence that one child had been told by his mother that his father, Womble, was a member of the Mafia.

■ The law is that a trial judge has a large amount of discretion in deciding where to place custody of a child. The trial court's award of child custody will not be reversed except where he has abused his discretion. The paramount concern of the court in determining where to place a child's custody is the best interests of the child. See Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup., 1963), in which case the Court said at page 223, in speaking of the trial court, the following: "He has an opportunity to observe and evaluate the personalities of the contending claimants, to weigh the credibility of their testimony, to assess the physical, mental, moral and emotional needs of the child, and to adjudge from personal observation which of the claimants can best meet the needs of the child. His judgment should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him." To the same effect see Holitzke v. Holitzke, 476 S.W.2d 360 (Tyler, Tex.Civ.App., 1972, writ dism.). The principles announced by the courts in the cases referred to are applicable here.

■ We have carefully examined the evidence in the case and hold that the evidence the parties saw fit to offer during the trial does not show that the trial court abused its discretion in awarding the custody of the three children as it did.

Plaintiff's second point of error is that the trial court erred in dividing the property in that she abused her discretion in that she did not give plaintiff her fair share of the property.

We overrule this point.

■ A court granting a divorce has a wide discretion in disposing of any and all property of the parties, separate or community, and its action in the exercise of such discretion should be changed on appeal only where an abuse of discretion is shown in that the disposition made of the property is manifestly unjust and unfair. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923). And the disposition of the property does not have to be equal. The court can be controlled by what the facts lead him to believe is just and right. See Article 3.63, Family Code, V.A.T.S., and Bryant v. Bryant, 478 S.W.2d 602 (Waco, Tex.Civ.App., 1972, no writ hist.).

The evidence offered as to the value of the various items of property that the court divided between the parties was in conflict. The property consisted of a house and lot, a farm, household furniture and furnishings, an automobile and thirty shares in a closed corporation dealing in the sale of sporting goods. The parties owed some debts.

The court gave plaintiff the farm, the car, the share of the furniture and furnishings that she and defendant had divided by agreement and required Womble to execute in her favor a $7,000.00 promissory note. Womble was given the house and lot, a share of the furniture, thirty shares of stock in the corporation.

Each party was ordered to assume and pay certain of their debts.

It was for the trial court to pass on the credibility of the witnesses. The appellate court does not have that authority. Cusack v. Cusack, 491 S.W.2d 714 (Corpus Christi, Tex.Civ.App., 1973, writ dism.).

In deciding whether the trial court abused its discretion in dividing the property as she did, the evidence must be considered as a whole, and all reasonable inferences and deductions that can be properly drawn therefrom must be considered in the light most favorable to appellee.

In applying these rules the trial court could have in passing on the credibility of the witnesses and on the weight to be given to their testimony, including the conflicting estimates of value, reasonably reached the conclusion that the division she made of the property was just and a fairly even one.

There is a presumption in favor of the trial court's exercise of its discretion regarding division of property in a divorce action. Cusack v. Cusack, supra.

The record in this case does not show that the trial court abused its discretion in dividing the property of the parties.

The following additional cases support our holding here: Brunell v. Brunell, 494 S.W.2d 621 (Dallas, Tex.Civ.App., 1973, no writ hist.); and Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950).

The judgment is affirmed.