# COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00783-CV

Juan Pablo Mayorga, Appellant

v.

Maria Mayorga, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-FM-11-005620, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Juan Pablo Mayorga[1] appeals from an order of enforcement signed on August 23, 2013, and an order striking his motions and assessing sanctions against him, signed on October 25, 2013.  We reverse the August 23 order as it relates to the valuation of property located in Guanajuato, Mexico, and as far as it awards Maria various costs associated with the parties' homestead and remand those issues for further consideration; and we vacate the portion of the October 25 order assessing sanctions against Juan.

### Factual Background

The final decree of divorce, signed by the district court in September 2012, provided that the parties' Austin home ("the homestead") was to be sold and that the parties would split the

---

[1] Because the parties share the same last name, we will refer to them by their first names.

proceeds 50/50 after: paying real estate commissions, a sellers' title policy, and the parties' share of "the document preparation fee"; paying off the outstanding mortgage balance; reimbursing Maria "for costs paid from the signing of the Temporary Orders in this matter through closing"[2]; and reimbursing Juan for "50% of the appraised value of the lot in Guanajuato, Mexico" ("the Guanajuato property"). Maria was granted continued possession and use of the homestead for sixty days from the date of the signing of the decree and was required to make all mortgage, tax, and insurance payments "during the pendency of the sale." The Guanajuato property was ordered to be appraised "by a duly licensed appraiser in Mexico." In March 2013, about seven months later, Juan filed a "Petition for Enforcement." Juan alleged that Maria had not complied with the final decree, asserting that the homestead had not been sold within sixty days and that Maria had not returned to him certain items of personal property. He asked that the district court enter a clarifying order should it determine that the decree was insufficiently specific.

Associate Judge Saenz held a hearing on Juan's motion in May 2013, after which Juan sought de novo review of the associate judge's recommendation.[3] A visiting district judge conducted a de novo hearing on July 1.[4] Juan called as an expert witness Jose Villa Meldavillo, an

---

[2] In temporary orders signed in early 2012, Maria was awarded temporary possession of the homestead and made responsible for ongoing mortgage, tax, and insurance payments.

[3] Associate Judge Saenz's recommendation stated, "[T]he prior order of the Court is clarified as follows: The property in Guanajuato Mexico shall be valued using the tax appraisal value . . . ." In his appeal to the district court, Juan objected, among other things, to that method of valuation.

[4] An associate judge may conduct hearings, make findings of fact, formulate conclusions of law, and recommend an order to be rendered. Tex. Fam. Code § 201.007(a); *see id.* § 201.005(a) (trial court may refer to associate judge "any aspect" of suits affecting marriage relationship, including divorce and post-decree proceedings, suits related to family violence, and suits affecting parent-child relationship). A party to an associate judge's hearing may request a de novo hearing

2

architect who stated he was an "expert in appraisals" in the Guanajuato area. Villa Meldavillo valued the property at 496,000 pesos. However, he said that he had not been allowed on the property and had based his valuation on observations he made of the property from a neighbor's property. Villa Meldavillo looked at the appraisal provided by Maria's expert, which was admitted without objection, and agreed that her expert was "qualified to prepare those types of appraisals" and had been given full access to the property. Maria's expert report concluded that the "valor fisico" of the property was 128,175 pesos. Villa Meldavillo said he disagreed with that value and stood by his valuation, stating that the "valor fisico" was "not a market value. That's just the value to pay the taxes."[5] He went on to explain that "in Mexico, there's two values that exist: the valuation of operation when two people are negotiating for a property and the other one is the one that the municipality puts to pay the taxes, which is much lower."

Maria testified that she hired an engineer to do the appraisal and that the engineer was licensed in design, construction, and value. Juan objected at this point to Maria's expert report "because they didn't bring the engineer over here; they didn't bring the appraiser over here," but the

---

before the court that referred the matter to the associate judge. *Id*. § 201.015. A request for a de novo hearing must specify the issues to be addressed. *Id.* § 201.015(b). Section 201.015 limits the requesting party's "ability to raise issues he has not specifically appealed" but "is not a limit on the referring court's jurisdiction." *Chacon v. Chacon*, 222 S.W.3d 909, 913 (Tex. App.—El Paso 2007, no pet.). In conducting the de novo hearing, the referring court may consider the evidence presented at the de novo hearing and "the record from the hearing before the associate judge." Tex. Fam. Code § 201.015(c); *see In re N.T.*, 335 S.W.3d 660, 669 (Tex. App.—El Paso 2011, no pet.) (referring court may consider evidence presented at de novo hearing and record from associate-judge hearing). Because a de novo hearing is a new and independent action on the appealed issues, the party with the burden of proof, even if she won at the associate-judge level, still bears the burden of proof in the de novo hearing. *N.T.*, 335 S.W.3d at 669.

[5] Juan's expert was incorrect in asserting that the tax value for the property was 128,175 pesos. Mexican tax records showed that the property was valued for tax purposes at 80,960 pesos.

visiting district judge observed that the report had already been introduced without objection. Maria testified that there were some walls on the property, but that they were in poor condition and needed to be removed. She also testified that there was water available to the property but that there was no plumbing currently connected. Maria testified that the Mexican taxing authorities had valued the land at about 81,000 pesos and had not placed any value on the structures, whereas her expert valued the land at 88,000 pesos and the construction at 40,000 pesos, for a total of just over 128,000 pesos.

As for evidence related to the Austin homestead, Maria introduced into evidence a document stating that she had paid $2,982.29 to paint, clean, and perform minor repairs in preparation for placing the homestead on the market, and she testified that she had made mortgage, insurance, tax, and utilities payments between the time the temporary orders were signed and the sale of the homestead.[6] Maria testified that she had paid about $5,000 in taxes in 2011, $4,750 in taxes 2012, and about $1,400 in insurance in 2011 and 2012. Both Juan and Maria sought attorney's fees, with Maria's attorney stating that he charged $200 per hour and had spent seven and one-half hours related to the hearing and that Maria had paid to have documents translated for the hearing.

At the conclusion of the hearing, the visiting district judge stated that she was going to accept Maria's expert's valuation of 128,000 pesos. The judge initially stated that she was going to deny Maria's request for taxes and other expenses related to the homestead, saying, "I'm not sure that the door was open to that because [Maria] has the opportunity to place things at issue by filing a request for de novo, as well, and did not do that." However, Maria noted that in Juan's appeal

---

[6] The visiting district judge asked Maria, "[W]as this something that was addressed in the hearing before [Associate] Judge Saenz," and Maria's attorney answered that it was addressed in that hearing and that Juan had made it an issue for the de novo hearing by his complaint that Maria should not be awarded anything to reimburse her for painting or cleaning the house.

4

and request for a de novo hearing, Juan complained about the associate judge's awarding Maria reimbursement for painting and cleaning the homestead. The visiting district judge then said:

> I'm not changing anything that was ordered in the divorce decree. So she—if she was ordered to receive those reimbursements in the divorce decree, I am not changing that; nor could Judge Saenz have changed it because he didn't have the power to go back and change things that were in the divorce decree. All he had the power to do was either enforce or clarify . . . . So I was in error earlier when I stated that she should not receive that. I don't want to change anything in the divorce decree.

Finally, the visiting district judge stated that Juan was to pay Maria $1,000 in attorney's fees.

On August 22, Associate Judge Saenz signed an enforcement order based on the July 1 de novo hearing, and the district court signed that order on August 23. The order provided that Maria should be reimbursed from the homestead's sale proceeds as follows: $6,800 representing half of the mortgage and insurance payments she made from the time of the temporary orders through closing; $4,750 representing half of the 2011 and 2012 property taxes; $2,982.29 for work done to prepare the home for sale; and $75 in appraisal fees. The order valued the Guanajuato property at 80,960 pesos, which equaled $6,428.83, using the tax valuation, and ordered Maria to pay Juan half of that value less $1,000 for half of the appraisal fees. Finally, the order required Juan to pay Maria $1,000 in attorney's fees, finding that Maria had complied with the prior order with regard to Juan's personal items (other than returning one television to him) and that his allegations were not true.

Juan next filed a motion to modify the August 23 enforcement order, arguing that the order did not comply with the visiting district judge's oral pronouncements and that the provisions related to the distribution of proceeds from the sale of the homestead should be struck. Juan asserted

5

that because Maria had never filed an answer in the enforcement proceeding, the attorney's fee award and clarifications beneficial to her should be struck. Finally, Juan complained that because Maria's exhibit related to the value of the Guanajuato property was in Spanish and had not been presented in a translated form, any relief awarded pursuant to that exhibit should be denied and reformed in Juan's favor. Two weeks later, Juan filed amended motions to modify adding a request for attorney's fees. Maria filed a motion to strike Juan's motions to modify, disputing his assertion that she was not entitled to relief and arguing that his complaints related to her exhibit had been waived. She also sought sanctions for filing frivolous and vexatious documents. The court granted Maria's motion to strike and awarded her $6,500 in attorney's fees as sanctions.

Juan appeals, complaining that (1) the visiting district judge and the August 23 order erred in valuing the Guanajuato property; (2) the August 23 order erroneously ordered that Maria be reimbursed for certain costs related to the homestead; (3) the $1,000 attorney's fee award was not supported by the evidence or pleadings; and (4) the $6,500 sanctions award was improper. Because we agree with Juan that the August 23 order contains certain errors requiring correction, we reverse the order and remand the cause to the district court for issuance of a new order that addresses the issues discussed in this opinion.[7]

---

[7] Maria asserts that Juan has waived his right to seek correction of the August 23 order by not pointing out the asserted problems before the order was signed. We disagree. The de novo hearing was held on July 1, and at the conclusion, the visiting district judge asked Maria's attorney to prepare an order. That order was not signed until August 23, and neither Juan nor his attorney signed it to indicate their consent to either form or substance. Rule 90, which Maria cites as support, provides that a *pleading* defect must be raised before a judgment is signed but does not apply to a trial court's order. *See* Tex. R. Civ. P. 90. Finally, a motion for new trial is only required to preserve error in complaints related to the evidence supporting a jury verdict or a complaint requiring the hearing of evidence, such as jury misconduct, newly discovered evidence, or a court's failure to set aside a default judgment. *See id.* R. 324.

6

**Standard of Review**

We review a trial court's decision on a motion for enforcement or clarification for an abuse of discretion and will reverse only if the court acted unreasonably, arbitrarily, or without reference to guiding rules and principles or acted outside the range of allowable options. *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd). A court "may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed." Tex. Fam. Code § 9.006(b). The court may render an order to enforce the original division of property and to "assist in the implementation of or to clarify the prior order," *id.* § 9.006(a), or may issue a clarification order if the court finds that the original decree was not specific enough to be enforced by contempt, *id.* § 9.008(b). However, an order to enforce or to clarify that modifies or changes the "actual, substantive division of property" in the divorce decree is beyond the court's authority. *Id.* § 9.007(a), (b).

**Discussion**

In his first issue, Juan attacks the August 23 order's determination of the Guanajuato property's value, which used the tax valuation, and the visiting district judge's determination that Maria's expert's value should be used. We first address his complaint related to Maria's valuation.

*Guanajuato Property*

Juan argues that Maria did not prove that her valuation was provided by a "duly licensed appraiser," as required by the divorce decree. He asserts that she did not provide evidence that her expert was licensed as an appraiser in Mexico, noting her testimony that he was an engineer.

7

However, Juan did not attack Maria's expert's qualifications in the de novo hearing. Indeed, the parties did not question the qualifications of the two valuation experts at all. The only objection Juan raised was to the admission of Maria's valuation report, when he noted only that the expert was not present to testify. However, that objection was made after Maria's valuation report had been introduced without objection and after Juan's expert testified that Maria's expert was qualified. Further, Maria stated that her expert was an engineer who was "licensed in design and construction and value," and her expert's valuation report included a photocopy of the expert's official identification card, which stated he was specialized in "valuacion inmobiliaria."[8] Juan's expert also provided a copy of his card, which looks virtually identical to Maria's expert's other than that Juan's expert's card states that he is specialized in "architectura." We therefore overrule Juan's assertion that Maria's expert report should not have been admitted.

As for the value placed on the Guanajuato property in the order, the visiting district judge stated an intention to use Maria's expert's valuation, but the written order instead used the taxing authorities' valuation. Juan argues that the valuation included in the order is not supported by the evidence and should be vacated. We agree.

Although the visiting district judge was vested with the discretion to consider the evidence and determine which valuation was more credible and although she stated that she was going to use Maria's valuation of 128,000 pesos,[9] a written order or judgment controls over oral

---

[8] The parties did not discuss at trial what Maria's expert's credentials meant, but "valuacion inmobiliaria" translates from Spanish to English as "property valuation." *See* https://translate.google.com/#auto/en/valuacion%20inmobiliaria.

[9] *See Young v. Young*, 168 S.W.2d 276, 285 (Tex. App.—Dallas 2005, no pet.) (in reviewing valuation of asset, appellate court should consider whether trial court had sufficient evidence to

statements made by the trial court. *In re A.S.G.*, 345 S.W.3d 443, 448 (Tex. App.—San Antonio 2011, no pet.); *In re JDN Real Estate-McKinney L.P.*, 211 S.W.3d 907, 914 n.3 (Tex. App.—Dallas 2006, orig. proceeding); *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Oral statements by a trial court are not a substitute for findings of fact and conclusions of law and do not limit our appellate review. *See In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984); *Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 615 (Tex. App.—Dallas 2003, pet. denied). In the absence of written findings and conclusions, we will imply all necessary findings and uphold the order on any legal theory supported by the evidence. *W.E.R.*, 669 S.W.2d at 717; *Larry F. Smith, Inc.*, 110 S.W.3d at 615.

At the hearing, Juan proffered evidence that the property was worth nearly 500,000 pesos, and Maria's evidence was that it was worth almost 130,000 pesos. However, the August 23 order used the tax appraisal value and valued the Guanajuato property at 80,960 pesos, a value not advocated by either party. Indeed, Maria agrees that the August 23 order used the wrong valuation, stating that the order should have used her expert's value, but asserts that Juan has waived the right to seek correction of this issue.[10] That portion of the order is not supported by the evidence and must be reversed and remanded for further consideration by the district court.

---

support valuation decision); *Kidd v. Kidd*, 584 S.W.2d 552, 557 (Tex. Civ. App.—Austin 1979, no writ) (appellate court will view evidence in light most favorable to trial court's division of community estate); *Womble v. Womble*, 502 S.W.2d 886, 889 (Tex. Civ. App.—Fort Worth 1973, no writ) (trial court has authority to determine witness credibility).

[10] As we addressed earlier, we disagree with Maria's waiver argument.

Finally, as part of his first issue, Juan also asserts that the August 23 order should not have subtracted $1,000 from his share of the Guanajuato property as reimbursement for half of Maria's appraisal fees.  We agree.  Although the original decree stated that the parties were each responsible for half of the appraisal fees, Maria presented no evidence, either at the associate-judge hearing or at the de novo hearing, that her expert charged her $2,000 for valuing the property.  There was no evidentiary basis for that appraisal-fee award, and the award is therefore reversed.

*Reimbursement for "Costs"*

In his second issue, Juan argues that Maria should not have been awarded reimbursement for her costs in repairing and maintaining the homestead or paying the mortgage, taxes, and insurance.  He argues that she never filed pleadings specifically requesting those sums and that the order impermissibly changed the original decree's provisions.  We disagree.

The original decree gave Maria the right to live in the house for a time following the signing of the decree and made her responsible for paying the mortgage, taxes, and insurance.  It also ordered that, upon the sale of the homestead, Maria should be reimbursed "for costs paid from the signing of the Temporary orders in this matter through closing."  Thus, Maria was entitled to reimbursement of her "costs," regardless of whether she pled for them in subsequent proceedings.  Further, as Maria noted before the visiting district judge, Juan made her entitlement to reimbursement for the repair costs an issue in the de novo hearing, and Juan's statement of issues to be addressed in the de novo hearing did not limit the visiting district judge's authority to consider the specifics

10

of what reimbursement Maria was entitled to.[11] *See Chacon v. Chacon*, 222 S.W.3d 909, 913 (Tex. App.—El Paso 2007, no pet.).

We cannot hold that the August 23 order is an abuse of discretion as far as it provides that Maria's reimbursement for "costs" should include half of the mortgage, interest, insurance, and taxes she paid from the signing of the temporary orders through closing, nor for its awarding her some portion of the costs she incurred in preparing the homestead for sale. However, some of the specific amounts awarded in the August 23 order are not supported by the evidence.

Maria testified that she paid $9,750 in taxes in 2011 and 2012, $1,400 in insurance, and $2,982.29 for repairs and preparation for putting the house on the market. Although she stated that she had continued to pay the mortgage, she did not testify about what amount she had paid, nor did she testify that she had incurred $75 in an appraisal fee related to the homestead. Thus, we cannot determine exactly what sums she is entitled to as reimbursement for costs under the decree. We therefore cannot uphold the August 23 order's awards of $6,800 as half of the principal, interest, and insurance Maria had paid and $75 for appraisal fees. Further, when the decree, the associate judge's clarifying order, and the August 23 order are viewed together as a unit, they appear to express an intent for the parties to split their costs in half, but the August 23 order awarded Maria 100% of the nearly $3,000 spent in preparing the homestead for sale. We therefore reverse the

---

[11] Although the visiting district judge initially stated that she could not award Maria any reimbursement due to Maria's decision not to file a de novo hearing request of her own, Maria pointed out the decree provisions and Juan's inclusion of the issue in his request. The judge then clarified that she was not going to change the decree's provisions related to the proceeds of the homestead, saying, "[I]f [Maria] was ordered to receive those reimbursements in the divorce decree, I am not changing that."

11

award for reimbursement of expenses related to placing the homestead on the market. The issue of what amount of reimbursement is due to Maria is remanded to the district court for further consideration and clarification.[12]

*Attorney's Fees*

In his third issue, Juan attacks the August 23 order's award of $1,000 in attorney's fees to Maria. Again, he argues that because Maria had not pled for attorney's fees, she should not recover them. He goes on to attack the sufficiency of Maria's attorney's testimony, saying he did not offer evidence that he was licensed in Texas, that he was familiar with hourly rates charged by other attorneys in the area, or about what services he performed. Finally, Juan argues that there was no argument at the de novo hearing about a basis for awarding fees, nor did the visiting district judge "voice any legal basis for awarding such fees." We disagree.

Section 9.014 allows a trial court to award reasonable attorney's fees in a post-divorce enforcement proceeding. Tex. Fam. Code § 9.014; *see Cook v. Cameron*, 733 S.W.2d 137, 141 (Tex. 1987) (noting that predecessor to section 9.014 gave trial court discretion to award attorney's fees in proceeding to enforce divorce decree). Although Maria did not file her own request for a de novo hearing or her own motion to enforce or modify, she did, in her motion to strike Juan's

---

[12] Because the decree states Maria is entitled to reimbursement, we would impermissibly modify the decree if we were to hold that she cannot recover anything due to a lack of evidence. Because the trial courts maintain continuing jurisdiction to clarify and explain divorce decrees, *see* Tex. Fam. Code § 9.002 (trial court maintains continuing jurisdiction to enforce decree), Maria is not barred from recovery through further evidentiary hearings, as she would be in a traditional trial, *see Ibrahim v. Young*, 253 S.W.3d 790, 807 (Tex. App.—Eastland 2008, pet. denied) ("Ordinarily, a finding of legally insufficient evidence would require that we reverse and render."). Instead, we will remand that issue to the trial court for further consideration.

amended petition for enforcement, ask for $1,000 in attorney's fees. Further, at the hearing, Maria made an oral request for attorney's fees. As for evidence, Maria's attorney testified that he had been practicing law in Travis County for five years, that he charged $200 an hour, and that he had spent seven and one-half hours on the enforcement proceeding.[13] He said, "I think that's a reasonable rate for this particular matter, the complexity of it and those kinds of things. I think that's probably what attorneys in this area would charge for that." He also asked the court to consider the fact that Juan had sought items he had already been given and asserted that Maria had incurred attorney's fees and translator costs "just out of spite."

The district court had the discretion to award attorney's fees under section 9.014, and Maria's attorney provided sufficient evidence that $1,000 was a reasonable award. We affirm the district court's $1,000 attorney's fee award.

*Sanctions Award*

Finally, in his fourth issue, Juan argues that the October 25 award assessing $6,500 in sanctions against him was an abuse of discretion. We agree.

Maria sought sanctions under rule 13 of the rules of civil procedure and chapter 10 of the civil practice and remedies code. In the hearing held on October 25, Maria's attorney testified at length about Juan's attorney's actions between the signing of the August 23 order and the October 25 hearing. Juan filed several motions, several times providing insufficient notice of

---

[13] We note that Juan's attorney's testimony seeking attorney's fees, in its entirety, was that he had been an attorney for forty years, that he charged $250 an hour, and that he had spent fifteen hours on the proceeding.

the attempted settings and once providing a hearing setting, for which Maria's attorney appeared for a contested docket and then learned that Juan was before the uncontested-docket judge, attempting to get a default judgment. Maria's attorney stated that he had spent a good deal of time attempting to respond to the improper settings. He also asserted that Juan and his attorney were using an improper procedure to attempt to change the August 23 order.

Juan's attorney argued in response that his sole basis for his motions to modify was that the August 23 order was improper because Maria never filed responsive pleadings entitling her to relief. He did not provide any answer to or explanation for the alleged instances of improper trial settings. The court overruled Juan's request to modify or vacate the August 23 order and then granted Maria's motion to strike Juan's motions to modify and awarded her the full $6,500 she had requested, ordering that the fees be paid from the escrow funds from the sale of the homestead.

An award of sanctions is reviewed for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). Rule 13 allows for sanctions if an attorney or party signs a pleading, motion, "or other paper" that is groundless and brought in bad faith or for the purpose of harassment. Tex. R. Civ. P. 13. Chapter 10 allows for sanctions for the signing of a pleading or motion presented for improper purposes, including harassment, to cause unnecessary delay, or to needlessly increase the cost of litigation. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001, .002, .004. Under either rule 13 or chapter 10, the trial court must recite in its order the conduct it has determined supports the imposition of sanctions. *See id.* § 10.005 ("A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the

14

basis for the sanction imposed."); Tex. R. Civ. P. 13 ("No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.").

The order striking Juan's motions to modify and ordering sanctions does not explain the conduct on which the sanctions are based. Nor did Maria carry her burden of showing that Juan's motions to modify were filed in bad faith or for purposes of harassment or that Juan's attorney signed any other documents that were filed for harassment or in bad faith.

Maria contends that sanctions were proper because Juan's motions to modify attacking the August 23 order were improper and because Juan agreed with the district court that the relief he sought was not attainable through a motion to modify.[14] At the hearing on sanctions, Maria stated that a motion for new trial, filed within thirty days of the visiting district judge's ruling, would have been appropriate but that Juan's motions to modify, the first of which was filed within thirty days of the signing of the August 23 order, were not. However, it was the August 23 order, not the visiting district judge's oral rulings, that is subject to review, and it is the August 23 order that Juan complains of. Further, sanctioning Juan for filing a "motion to modify" while agreeing that a "motion for new trial" would have been acceptable is hair-splitting that we will not indulge in to support a sanctions award. Juan's issues related to the awarding to Maria of costs associated with the homestead were not frivolous, although they may have been less-than-artfully pled. As for Maria's complaints about various instances of conduct by Juan's attorney related to the setting of

---

[14] At the hearing, the district court said it could not modify another judge's order, and Juan said, "That's right. That's right. I'm not asking you to modify someone else's [order]." The court asked what he was asking for in his motions to modify, and Juan said he wanted the court to "throw this judgment out" because Maria had not filed pleadings to support it.

hearings and the like, she presented no evidence that the alleged misconduct took the form of signing a groundless document brought in bad faith or for harassment.

Maria did not show her entitlement to sanctions, and the district court's order did not satisfy either chapter 10 or rule 13. We therefore vacate the portion of that order awarding Maria $6,500 in attorney's fees as sanctions. We need not address Juan's contention related to the propriety of making that award from Juan's portion of the homestead proceeds.

## Conclusion

We reverse the portions of the August 23 order that value the Guanajuato property at 80,960 pesos. We affirm the portions of the August 23 order that determine that Maria is entitled to reimbursement for 50% of the mortgage, insurance, appraisal fees, repair, and maintenance she paid from the time the temporary orders were signed through closing, but we reverse the specific money awards for those items and remand those issues for further consideration and clarification by the district court. We affirm the portion of the August 23 order that awards Maria $1,000 in attorney's fees. Finally, we vacate the portion of the October 25 order awarding sanctions against Juan.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

August 23 order: Affirmed in Part; Reversed and Remanded in Part
October 25 order: Vacated in Part

Filed: May 8, 2015

16